UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN JACKSON,                       Case No. 1:05-cv-798
    Plaintiff

vs

SGT. ARMSTRONG, et al.,                **REPORT AND RECOMMENDATION**
    Defendants                              (Dlott, J.; Hogan, M.J.)

This matter is before the Court on plaintiff's motion for default judgment (Doc. 12), defendants' motion to dismiss (Doc. 15), and plaintiff's response to the Court's show cause order of April 16, 2007. (Doc. 18).

### I. Plaintiff's motion for default judgment should be denied.

On April 26, 2006, the Court ordered the United States Marshal to serve a copy of the complaint, summons, the Court's Order of December 7, 2005, and the Order of April 26, 2006 on defendants Armstrong and Bianco as directed by plaintiff. (Doc. 11).

On December 22, 2006, plaintiff filed a motion for default judgment on the basis that defendants failed to respond to his complaint. (Doc. 12). In reviewing plaintiff's motion, the Court noted that its docket did not reflect a return of service by the United States Marshal in this case. The Clerk of Court, after investigation of this matter at the direction of the Court, informed the undersigned Magistrate Judge that the appropriate forms were never forwarded to the Marshal's Service so that the Marshal could serve plaintiff's complaint on the defendants. The Court then ordered the United States Marshal to immediately serve plaintiff's complaint, summons forms, United States Marshal forms, and the Court's Orders on defendants Armstrong

and Bianco. (Doc. 14). The summons was executed on defendants Armstrong and Bianco on March 2, 2007. (Doc. 16). Thereafter, defendants filed a motion to dismiss. (Doc. 15).

Rule 55, Fed. R. Civ. P., provides for the entry of default against a party who fails to plead or otherwise defend as provided for under the Civil Rules. However, a trial on the merits, and not disposition by default judgment, is favored in federal court. *See Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). "Any doubt as to the propriety of granting a default judgment should be resolved in favor of the non-moving party." *Cincinnati Bell Telephone v. Allnet Communication*, 810 F. Supp. 217, 220 (S.D. Ohio 1992)(Spiegel, J.). In determining whether to grant a motion for default judgment, the Court should consider the culpability of the defaulting defendants, the prejudice to the plaintiff, and whether the defendants have a meritorious defense. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *Shepard Claim Service*, 796 F.2d at 192.

Defendants' failure to respond to plaintiff's complaint does not amount to a willful failure to appear and plead. *See Shepard Claims Service*, 796 F.2d at 194. The Court's docket shows that neither defendant was personally served with plaintiff's complaint and summons prior to the filing of the motion for default judgment. In the absence of a proper service of process, defendants Armstrong and Bianco were not required to answer or otherwise defend the complaint. Defendants' actions in this case do not amount to culpable conduct warranting default judgment. Therefore, plaintiff's motion for default judgment (Doc. 12) should be denied.

2

## II. Defendants' motion to dismiss should be denied.

On March 15, 2007, defendants filed a motion to dismiss in the within action. (Doc. 15). Plaintiff failed to file a response to the motion and on April 16, 2007, the Court ordered plaintiff to show cause in writing why the Court should not dismiss this case for lack of prosecution. (Doc. 17).

In his response to the Court's show cause order, plaintiff states that as a prisoner he has been without legal assistance in this matter and requests the Court to proceed with the merits of his excessive force claims. (Doc. 18). In view of plaintiff's pro se status, the Court finds that dismissal for lack of prosecution is not warranted at this juncture.

Defendants seek dismissal of the complaint on the basis of misjoinder of claims under Rule 20, Fed. R. Civ. P. Plaintiff's complaint alleges that he was assaulted without provocation by defendant Sgt. Armstrong on July 6, 2005 and by defendant Corrections Officer Bianco on July 11, 2005. Since the alleged incidents occurred on different dates and involve different individuals, defendants contend the joinder of the claims is improper. Defendants seek dismissal of this lawsuit.

Defendants' motion to dismiss should be denied. Rule 21 of the Federal Rules provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21. Consequently, even if there is a misjoinder of parties in this action, dismissal of plaintiff's complaint is not an appropriate remedy.

In any event, the Court finds the joinder of claims and parties in this action to be

3

warranted. Rule 20(a) sets forth the elements for permissive joinder of parties. Permissive joinder of defendants requires: (1) the right to relief asserted must arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. Proc. 20(a). The joinder provisions of the Federal Rules are very liberal. As the Supreme Court noted in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." 383 U.S. at 724 (footnote omitted). The transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir. 2002).

Here, plaintiff's claims against each defendant both involve a common legal question, *i.e.*, an excessive use of force under the Eighth Amendment. Although both alleged instances involve separate individuals, they occurred a mere five days apart and may be considered arising out of the same series of transactions or occurrences such that in the interest of judicial economy they should be included in a single proceeding.

The cases of *Easley v. Debra Nixon-Hughes*, Case Nos. 1:06-cv-863 and 1:06-cv-865 (S.D. Ohio 2007), cited by defendants in their motion, are inapposite. In those cases, several of the plaintiff's claims in his original complaint were dismissed for lack of exhaustion under the Prison Litigation Reform Act. The plaintiff was notified that in the event he chose to file a new complaint raising these previously dismissed claims after he exhausts his administrative remedies, he would not be required to pay an additional filing fee pursuant to *Owens v. Keeling,*

4

461 F.3d 763 (6th Cir. 2006). Thereafter, the Court received new complaints from the plaintiff which purported to be a "refiling" of claims previously dismissed for lack of exhaustion. In reality, the complaints presented altogether new claims and new defendants and were unrelated to the claims previously dismissed. Therefore, the Court denied plaintiff permission to file the new complaints without payment of the filing fee.

This case does not involve the refiling of any claims by plaintiff Armstrong. *Easley* does not preclude plaintiff's complaint from going forward against both defendants. The claims are sufficiently related such that their joinder would promote trial convenience and expedite the resolution of the disputes.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for default judgment be **DENIED.**

2. Defendants' motion to dismiss be **DENIED.**

Date: 5/14/07

Timothy S. Hogan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KEVIN JACKSON,                      Case No. 1:05-cv-798
    Plaintiff

vs

SGT. ARMSTRONG, et al.,
    Defendants                      (Dlott, J.; Hogan, M.J.)

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).