UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN JACKSON,
    Plaintiff,

vs

SGT. ARMSTRONG, et al.,
    Defendants.

Case No. 1:05-cv-798
Dlott, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. The remaining defendants in this action are SOCF Sgt. Armstrong and SOCF Correctional Officer Bianco. Plaintiff's complaint alleges that on July 6, 2005 and July 11, 2005, he was assaulted without provocation by defendant Armstrong and defendant Bianco respectively in violation of the Eighth Amendment. This matter is before the Court on defendants' motion for summary judgment (Doc. 27) and plaintiff's memorandum in opposition. (Doc. 36).

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d

1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment "will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. The Court's function is not to weigh the evidence; its duty is to determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252; *Little Caesar Enterprises, Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

**I. Defendant Armstrong's motion for summary judgment should be granted.**

In response to defendant Armstrong's motion for summary judgment, plaintiff states he dismisses with prejudice all claims against Sgt. Armstrong. (Doc. 36 at 2). Therefore, defendant Armstrong's motion for summary judgment should be granted.

**II. Defendant Bianco's motion for summary judgment should be denied.**

In his memorandum in opposition to the motion for summary judgment, plaintiff states he will rely on the evidence submitted by defendant. (Doc. 36 at 2).

Plaintiff alleges that on July 11, 2005, defendant Correctional Officer Bianco assaulted him without provocation. On that date, plaintiff's water was turned off before he got a turn to take a shower. Plaintiff asked to see a "white shirt" (supervisor), a request Bianco denied. A food tray was delivered to plaintiff's cell by Officer Bianco. Plaintiff was in a cell with a solid steel door with a food hatch. Plaintiff admits he placed his hand out the food hatch so that the food hatch could not be closed. (Doc. 36 at 3). Plaintiff also admits that Officer Bianco gave plaintiff several direct orders to remove his hand so the food hatch door could be closed, but plaintiff refused to comply with the orders. *Id.* Bianco walked three doors down to the showers, drew his PR24 (a type of police baton) and concealed it behind his back. (Doc. 27, Exhibit E-11). Bianco then walked back to plaintiff's cell. *Id.* Plaintiff claims that while his arm was outside of the food slot, Bianco struck him six times with his PR24.

In accordance with Ohio Admin. Code § 5120-9-02, the Deputy Warden of Operations conducted the initial review of this incident and recommended that the incident be referred to the Use of Force Committee for further investigation. The Deputy Warden's preliminary report

3

included the following brief summary:

> C.O. Bianco gave inmate several direct orders to remove his hand from the food hatch so that the hatch could be secure[d], but inmate Jackson refused all orders. Inmate Jackson then stated that he was going to hit C.O. Bianco and began to move his hand outward. At this time, C.O. Bianco struck Inmate Jackson in the hand using his PR24. Inmate Jackson then removed his hand. At this time, C.O. Bianco attempted to close the hatch, but inmate Jackson pushed it open. C.O. Bianco then struck Inmate Jackson a second time. Inmate Jackson then began a slapping motion toward C.O. Bianco. At this time, C.O. Bianco struck inmate Jackson a third time. Inmate Jackson continued making a slapping motion. C.O. Bianco then attempted to strike Inmate Jackson a fourth time, when this inmate knock[ed] the PR24 from this officer's grasp and into cell 21. C.O. Bianco then retrieved the PR24. Inmate Jackson was checked by Nurse R. Hutchinson.

(Doc. 27, Exhibit E-1, Deputy Warden Review of Use of Force, 7-11-05 at 11:38 a.m.). The Warden appointed a Use of Force Committee to report their findings as to whether the level and degree of force used was appropriate under the circumstances.

Following their investigation, including a review of a video recording, the Use of Force Committee determined that Officer Bianco struck plaintiff five times with a PR24 and lost possession of it on the sixth swing when it hit the bottom of the food hatch. (Doc. 27, Exhibits E-11 to E-12). The Use of Force Committee also found that Bianco's statements during the Use of Force interview that plaintiff tried to grab the officer and his PR24 were inconsistent with the video recording. The Committee also found that Bianco's claim that plaintiff knocked the PR24 out of his hand was inconsistent with the video recording which showed Bianco lost control of the PR24 when it struck the bottom of the food hatch causing it to come out of his hand. *Id.*

The Committee concluded that the force used by Bianco was not justifiable. The Committee also concluded that the entire situation could have been avoided if Bianco had merely contacted a supervisor when plaintiff refused a direct order to close his food hatch. The

4

Committee also found that the force used was excessive in nature as lesser alternatives were available. (Doc. 27, Exhibit E-12).

Plaintiff was examined by Nurse Hutchinson on July 11, 2005 at 12:30 p.m. Plaintiff complained of pain to the right forearm and hand. Objective physical findings indicated mild to no redness of the mid right forearm and no deformity or swelling. Plaintiff was treated with a cool compress/ice to the affected area. (Doc. 27, Exhibit E-27). On July 12, 2005 at 7:50 p.m., plaintiff returned for another medical exam. Plaintiff stated that he was unable to squeeze his right hand. Nurse Hammonds noted edema to the right forearm, pain with palpation, and a small amount of edema to the right hand. An ice pack was the recommended treatment. (Doc. 27, Exhibit F). An X-ray of the right forearm, hand, and wrist was ordered. (Doc. 27, Exhibit G). X-rays of the right forearm and hand taken on July 13, 2005 were normal. (Doc. 27, Exhibit H). The X-ray of the right wrist showed a "bone island" in the middle of the capitate (the largest of the carpal bones) with no other osseous or articular abnormalities. *Id.* The interdisciplinary progress notes from July 28, 2005 indicate complaints of right wrist, hand, and forearm pain. (Doc. 27, Exhibit I). The note from August 9, 2005 states, "r/o [rule out] strain, right wrist/hand resolving." *Id.*

The Eighth Amendment prohibition against cruel and unusual punishment governs an inmate's claim of excessive force. *Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Cornwell v. Dahlberg*, 963 F.2d 912, 915-916 (6th Cir. 1992). To state a claim for excessive force, the inmate must establish that the force was applied maliciously and sadistically to cause harm rather than in a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 501 U.S. 1, 7 (1992); *Pelfrey*, 43 F.3d at 1037; *Caldwell v. Moore*, 968

5

F.2d 595, 599-601 (6th Cir. 1992). In making this determination, a court must consider the reasons for the use of force, the type and amount of the force used, and the extent of the injury inflicted. *See Hudson,* 501 U.S. at 7; *Whitley v. Albers,* 475 U.S. 312, 320-322 (1986); *Moore v. Holbrook,* 2 F.3d 697, 700 (6th Cir. 1993).

Not every intrusion on a prisoner's bodily integrity will rise to the level of an Eighth Amendment violation, even if it appears in retrospect that the degree of force used was unreasonable and, thus, unnecessary. *Whitley,* 475 U.S. at 319; *Parrish v. Johnson,* 800 F.2d 600, 604 (6th Cir. 1986). "[T]he good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Parrish,* 800 F.2d at 604.

An inmate may suffer a violation of his Eighth Amendment rights even though he did not suffer a serious injury at the hands of corrections officers. *Hudson,* 501 U.S. at 9-10. The extent of injury suffered by an inmate is one factor that may suggest "whether the use of force could plausibly have been thought necessary" in a particular situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321. The Eighth Amendment does not prohibit a *de minimis* use of force "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 10. What constitutes a *de minimis* use of force depends upon the circumstances of each case. "[T]he core judicial inquiry is . . . whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. For example, a guard who needlessly beats a handcuffed, submissive prisoner causing bruises, swelling, loosened teeth, and a cracked dental plate inflicts injuries that are more than *de minimis* for Eighth Amendment purposes. *Id.* at 10. *See also Moore v. Holbrook,* 2 F.3d 697 (6th

6

Cir. 1993).

Defendant Bianco argues that despite the Use of Force Committee's finding of excessive force, plaintiff fails to demonstrate a physical injury sufficient to give rise to an Eighth Amendment claim for monetary damages. Bianco also argues that due to the lack of physical injury, plaintiff cannot bring an action for emotional injury per the limitations provided in 42 U.S.C. § 1997e(e). (Doc. 27 at 14).

Plaintiff contends that a genuine issue of fact exists as to whether the force used by Bianco was applied maliciously and sadistically to cause harm. Plaintiff points to the Use of Force Committee's finding of an excessive use of force by Bianco, as well as their finding that no force at all was justified because Bianco could have avoided using any force by merely contacting a supervisor when plaintiff refused a direct order to close his food hatch. Plaintiff also argues that a significant injury is not required for an Eighth Amendment excessive force claim.

While a *de minimis* use of force will not support an actionable Eighth Amendment claim, *see Moore v. Holbrook*, 2 F.3d 697, 700-01 (6th Cir. 1993), a plaintiff may recover even if he suffers only minor injury. *See Hudson*, 503 U.S. at 10. Plaintiff need not show he suffered a serious injury as a result of defendant Bianco's actions to maintain an Eighth Amendment claim. *Hudson*, 501 U.S. at 9-10. In *Hudson*, the Supreme Court stated, "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . This is true *whether or not significant injury* is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* (emphasis added).

The Sixth Circuit recently reviewed a claim of excessive force involving minor injuries in

7

*Lockett v. Suardini*, __ F.3d __, 2008 WL 2037610 (6th Cir. May 14, 2008). In that case, two corrections officer restrained the plaintiff-prisoner following the prisoner's misconduct hearing during which he admittedly became "very angered and upset." The prisoner admitted he resisted the officers, verbally threatened them, and bit the hand of one of the officers while being escorted back to his cell. The Court of Appeals found that the inmate's aggressive behavior justified the use of some amount of force. The Court also found that the inmate's own assertions indicated a minimal amount of force was applied by the officers. While the officers "attempted" to throw the inmate down the steps, choke him, push his face into a wall, and break his fingers, the attempts were unsuccessful and were reasonably related to the force needed to bring the inmate under control. The Court noted, "This conclusion is reinforced by the fact that Lockett, by his own account, suffered at best only 'minor lacerations and cuts,' and that undisputed evidence showed no dislocation or fracture in his hand." *Id.* at *9. The Court held that the corrections officers' minimal application of force, together with the prisoner's minor injuries, did not rise to a level of an Eighth Amendment claim.

In contrast to *Lockett*, the evidence here, viewed in the light most favorable to plaintiff, indicates that Officer Bianco's use of force was neither minimal, nor reasonably related to bringing an unruly inmate under control. Plaintiff was physically located behind a locked steel door with only his arm protruding from the food hatch. While he admittedly failed to comply with Bianco's order to remove his arm from the food hatch, the Use of Force Committee pointed out reasonable alternatives to any use of force to compel plaintiff's compliance with the order. There is evidence that Bianco walked away from the cell, concealed the PR24 behind his back, then returned to plaintiff's cell. The evidence shows Bianco struck plaintiff five times with his

8

PR24, and on the sixth blow lost control of his police baton when it struck the bottom of the food hatch, indicating a significant amount of force was used in swinging the baton at plaintiff. Medical records indicate that the blows caused edema to the right forearm and right hand, as well as pain. A reasonable jury could conclude that Officer Bianco was attempting to maliciously punish plaintiff for refusing to remove his arm from the food hatch and that his actions were not taken in a good faith effort to restore order or discipline within the prison. Whether plaintiff's injuries are characterized as major or minor, his alleged injuries when viewed in conjunction with the amount of force used by Bianco under the circumstances presented, are sufficient to support plaintiff's Eighth Amendment claim. *See Hudson*, 503 U.S. at 7-10; *Moore*, 2 F.3d at 700-01. *See also Thaddeus-X v. Love*, 215 F.3d 1327 (6th Cir. 2000) (unpublished), 2000 WL 712354, at *2 (abrasions, pain, and swelling may be sufficient injury to support an Eighth Amendment claim where there are genuine fact issues concerning cause of inmate's injury and justification for, and reasonableness of, any force applied by corrections officer). Therefore, the motivation for and cause of plaintiff's injuries, as well as the extent of plaintiff's injuries, are jury issues which cannot be decided by this Court on summary judgment.

Defendant Bianco's argument that plaintiff cannot bring an action for mental or emotional injury due to the lack of physical injuries is not well-taken. The Prison Litigation Reform Act provides, in relevant part, that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The evidence of record suggests that defendant Bianco's actions resulted in palpable physical injury to plaintiff. This evidence, if believed by a jury, would permit plaintiff's claim for mental and emotional injuries to go forward.

9

Viewing the facts and evidence in the light most favorable to plaintiff, *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, a jury could reasonably conclude that defendant Bianco's action were not done in an effort to maintain order and security, but for the very purpose of inflicting harm on plaintiff in retaliation for plaintiff's failure to comply with the order to remove his arm from the food hatch. Summary judgment in favor of defendant Bianco is not appropriate if "it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322. In considering the reasons for defendant Bianco's use of force, the type and amount of the force used, and the extent of the injury inflicted, *see Whitley*, 475 U.S. at 320-322; *Moore*, 2 F.3d at 700, a fair minded jury could return a verdict for plaintiff on his Eighth Amendment excessive force claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Accordingly, defendant Bianco's motion for summary judgment on plaintiff's excessive force claim should be denied.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Armstrong's motion for summary judgment be **GRANTED**.
2. Defendant Bianco's motion for summary judgment be **DENIED**.

Date: 5/28/08

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kevin Jackson 424-871<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes | |
| 2. Article Number<br>*(Transfer from service label)* | 7007 1490 0001 0562 6806 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:05cv748 Doc. 37